IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACI G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-443-SM |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed an Application to Proceed in District Court without Prepaying Fees or Costs. Doc. 2. This matter has been assigned to the undersigned Magistrate Judge consistent with General Order 16-4.

The filing fee in civil cases is presently $400.00.[1] Pursuant to 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See* Cabrera *v.* Horgas, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis [IFP] status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted).

The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). While the court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses. *Brewer,* 24 F. App'x at 979 (holding that litigant whose "monthly income exceed[ed] his monthly expenses by a few hundred dollars" according to his own accounting appeared

to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status). *Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. 2008) (unpublished order) (denying IFP motion where total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00" and therefore, the plaintiff "would be able to pay the filing fee in th[e] case by using his discretionary income from one month").

In her application, Plaintiff lists she is unemployed, receives $367 monthly in food stamps, and her "husband does odd jobs on a self-employed basis earning $300 to $500 monthly," the amount of money in a checking or savings account is $0, and she and her husband "live with her husband's sister and pay no rent." *Id*. at 1-2. She has outstanding court fines and costs of $2,600, on which she makes $40 monthly payments. *Id*. at 2. She has no other regular monthly expenses, except her husband "helps his sister with utility costs occasionally when he's able." *Id*. She owns a 1991 truck worth approximately $1,600, and has no debt on the vehicle. *Id*. at 2. She has no dependents. Plaintiff's monthly income of $300-$500 a month exceeds her non-discretionary monthly expenses, as her only non-discretionary expenses are the $40 monthly payments for court fines and costs.

"[W]here discretionary income is sufficient to pay the filing fee even in a case where total expenses exceed total income, denial of an *in forma pauperis* motion is appropriate." *Scherer v. Merck & Co.,* No. Civil Action 05-2019-CM,

2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006) (unpublished memorandum & order). The court believes that Plaintiff has limited income. "While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend, she does appear to have discretionary income and/or assets. It appears that she has the ability to spend her discretionary funds on filing fees if she desires." *Lewis v. Ctr. Mkt.*, No. CIV. 09-306 JB/RHS, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009) (unpublished memorandum and order), *aff'd*, 378 F. App'x 780 (10th Cir. 2010); *Williams v. Oklahoma*, No. CIV-16-163-R, 2016 WL 7665658, at *1 (W.D. Okla. Apr. 4, 2016) (unpublished order) ("Plaintiff's monthly income would still exceed his non-discretionary monthly expenses by nearly $440.00), *reconsideration denied*, 2016 WL 7665659 (W.D. Okla. Apr. 26, 2016). Based on Plaintiff's motion, the court believes that the Plaintiff is financially able to pay the filing fees in monthly payments. *See Bunch v. Muskogee Hous. Auth.*, No. 13-CIV-212-RAW, 2013 WL 2181071, at *2 (E.D. Okla. May 20, 2013) (unpublished order) (ordering monthly payments of filing fee).

The undersigned recommends the court grant in part and deny in part Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. 2. The undersigned recommends Plaintiff shall make the first $100 payment to the district court clerk on the date determined by the district court judge. Thereafter, Plaintiff shall pay $25 on or before the first day of each month.

Failure to pay the filing fee as directed could result in this matter being dismissed pursuant to the Federal Rules of Civil Procedure.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious, (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that the monthly payments will continue to be due and owing until full payment of the filing fee has been received by the court even after disposition of the case, and regardless of whether relief is granted or denied.

Further, the Clerk of Court shall not issue process until at least $100 has been paid toward the filing fees in this matter.

The undersigned advises Plaintiff of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before May 4, 2017. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 20th day of April, 2017.

                                                                                                                                              _____
                                                                                                                                               SUZANNE MITCHELL
                                                                                                                                               UNITED STATES MAGISTRATE JUDGE