IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACI G. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-443-SLP |
| | ) |
| ANDREW SAUL, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant.[1] | ) |

# O R D E R

Before the Court is the Objection [Doc. No. 27] filed by Plaintiff Traci G. Smith to U.S. Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R&R") [Doc. No. 26]. The Commissioner filed a response to the objection. *See* Resp., Doc. No. 28.

In her R&R, Judge Mitchell recommended the entry of judgment affirming the Commissioner's final decision on Plaintiff's request for supplemental security income benefits because the administrative law judge's determination was supported by substantial evidence. That substantial-evidence standard of review—whether there "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "requires more than a scintilla, but less than a preponderance"—is key to Judge Mitchell's determination, as well as to the Court's determination in this case. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation marks and citation omitted). Whether the Court

---

[1] Commissioner Saul has been substituted for former acting-Commissioner Berryhill pursuant to Federal Rule of Civil Procedure 25(d).

"would have reached a different result [in the first instance] based on the [same] record" is not the question before the Court. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

Plaintiff argues that Judge Mitchell erred in her R&R by rejecting Plaintiff's arguments (from her opening brief [Doc. No. 18]) that the ALJ ignored probative evidence in reaching his conclusion and that his findings were not supported by substantial evidence. The Court reviews de novo those portions of the R&R to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having done so, the Court concurs with Judge Mitchell's analysis and adopts the same. The administrative record "must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). And "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084 (quotation marks and citation omitted). Here, the ALJ adequately supported his determination by substantial evidence from the record.

Plaintiff also faults Judge Mitchell for referencing an indication in Plaintiff's medical records that she was "stable" and for putting some stock in the ALJ's indication that he had considered the entire administrative record in what Plaintiff calls a "general disclaimer[]." Obj. 2, 5, Doc. No. 27. Assuming without deciding that Plaintiff is correct, the result reached in this case is not changed. Even if these two references were excised from Judge Mitchell's R&R, the Court would still adopt it and still find that Judge Mitchell correctly determined that substantial evidence existed to support the ALJ's conclusion. Thus, Plaintiff's arguments do not prevail.

Finally, the circumstances present in this case—where Plaintiff disagrees with the conclusion reached by the ALJ—are different from those in the authorities Plaintiff relies on. Most notably, in *Clifton*, the ALJ had "not discuss[ed] the evidence or his reasons for determining that [the plaintiff] was not disabled . . . or even identif[ied] the relevant Listing or Listings." 79 F.3d at 1009. In *Hardman v. Barnhart*, the ALJ used nothing more than boilerplate language and "failed to link or connect any of the factors he recited to any evidence in the record." 362 F.3d 676, 679 (10th Cir. 2004). And, in *Cox v. Apfel*, the ALJ "made no mention of any of the uncontroverted evidence that [the] plaintiff suffered from depression, and did not mention, discuss, or weigh [multiple physicians'] findings or opinions with respect to [the] plaintiff's depression" despite the fact that the plaintiff's "primary diagnosis [was] her mood disorder"—i.e., depression. No. 98-5203, 1999 WL 820215, at *2-3 (10th Cir. Oct. 14, 1999) (emphasis omitted) (unpublished). Those situations—which each counseled for remand to the agency—are not present in this case.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 26] is ADOPTED in its entirety and Plaintiff's Objection thereto [Doc. No. 27] is OVERRULED. The Commissioner's decision is AFFIRMED. A separate judgment will be entered contemporaneously herewith.

IT IS SO ORDERED this 6th day of September, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE